**Salome Edidt Ayda BALLINAS–MARIN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–72058.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.\*\*

Decided Sept. 20, 2004.

---

\* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vera A. Weisz, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Donald A. Couvillon, Esq., Robbin K. Blaya, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM ***

Salome Edidt Ayda Ballinas–Marin, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision denying her application for asylum and suspension of deportation. We deny in part and dismiss in part the petition for review.

■ We lack jurisdiction over the IJ's extreme hardship determination because it involves an exercise of discretion not subject to judicial review. *See Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997). We similarly lack jurisdiction over Ballinas–Marin's non-colorable constitutional claims. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable . . . the claim must have some possible validity.").

We have jurisdiction to consider Ballinas–Marin's remaining contentions under 8 U.S.C. § 1105a(a). *See Kalaw,* 133 F.3d at 1150. We review de novo due process contentions, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599–600 (9th Cir.2002).

■ Ballinas–Marin's contention that her due process rights were violated because the IJ failed to adequately consider her asylum claim is unavailing because the record reflects that the IJ considered this claim and concluded that the poor treatment she fears upon return to Mexico is not on account of an enumerated ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003).

Ballinas–Marin's contention that the BIA's decision "without opinion" violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900 (9th Cir.2004) (order), Ballinas–Marin's voluntary departure period will

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**